UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

BILLY J. FORQUER & KARLA
L. FORQUER,

        Plaintiffs,

v.

SELECT PORTFOLIO SERVICING,
INC., f/k/a FAIRBANKS CAPITAL
CORPORATION,

        Defendant.
_____/

Case No. 1:05-CV-766

Hon. Richard Alan Enslen

**ORDER**

      Plaintiffs Billy J. Forquer and Karla L. Forquer, through counsel, has moved to remand this action to state court on the ground that the Court lacks removal jurisdiction under 28 U.S.C. § 1441(a)-(b). Defendant Select Porfolio Servicing, Inc. has opposed the Motion to Remand. Oral argument is unnecessary.

      This action was removed from the Eaton County Circuit Court by notice of removal filed by Defendant. The notice claims correctly that Plaintiffs' suit asserts a federal law claim under the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 *et seq.* ("RESPA"), as well as supplemental state law claims. Congress, in enacting RESPA, provided both concurrent federal and state court jurisdiction over RESPA suits. 12 U.S.C. § 2614. The federal nexus for this jurisdiction is the statute's definition of a "federally related mortgage loan"–which is defined to include federally insured mortgage loans. *See* 12 U.S.C. § 2602(1).

      Plaintiffs' counsel's objection to removal jurisdiction over this suit is based on a profound misunderstanding of federal removal jurisdiction. Counsel argues that removal jurisdiction is

improper because this Court does not have "exclusive jurisdiction" over the claims in suit. There is no such requirement in the removal statute. The removal statute permits the exercise of federal jurisdiction over any suit within the district court's "original jurisdiction"–which includes both diversity suits (*see* 28 U.S.C. § 1332) and federal question actions (see 28 U.S.C. § 1331). 28 U.S.C. § 1441(a)-(b). RESPA claims are claims within the "original jurisdiction" of the federal courts. *See Geraci v. Homestreet Bank*, 347 F.3d 749 (9th Cir. 2003); *First Fed. Sav. & Loan Ass'n of Boston v. Greenwald*, 591 F.2d 417, 421 (1st Cir. 1979). Plaintiffs' counsel's citation of contrary authorities is inapposite and relate to circumstances wholly inapplicable here. *See, e.g., Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1 (2003) (wherein complaint raised no federal claim and removal was premised on supposed preemption defense).

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiffs Billy J. Forquer and Karla L. Forquer's Motion to Remand (Dkt. No. 8) is **DENIED**.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>    February 10, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |